IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN M. LEATO and
LAURINA T. LEATO                                              PLAINTIFF

V.                    CASE NO. 5:19-CV-05023

VL APARTMENTS, LLC and
WEST BEND MUTUAL INSURANCE COMPANY                            DEFENDANTS

## OPINION AND ORDER

John and Laurina Leato have filed this lawsuit under the diversity of citizenship statute, 28 U.S.C. § 1332. They proceed *pro* se and have sought leave to proceed *in forma pauperis* ("IFP"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Complaint, on February 9, 2017, Laurina Leato sustained an injury to her ankle when she slipped and fell on snow and ice that had not been cleared away at the Fountain Lakes Apartments in Fort Wayne, Indiana. Fountain Lakes Apartments is owned by VL Apartments, LLC, and operated by I.G.C. Residential Property Management. West Bend Mutual Insurance Company ("West Bend") is the general liability carrier for VL Apartments. West Bend paid all medical bills submitted by Laurina Leato in a total amount of $686.50 for her visit to the emergency room following the fall.

From documents the Plaintiffs attached to the Complaint, it appears that no other medical bills were submitted. The Plaintiffs apparently sent West Bend a copy of a

1

small claims lawsuit. The attached letter, however, indicates that the small claims lawsuit was never filed.

Plaintiffs filed bankruptcy in the State of Indiana and indicate they listed this slip-and-fall accident as a potential claim against a third party.[1] They are asking for damages in the amount of $50,000, as listed in their bankruptcy, and $25,000 in legal expenses, which brings their total demand to $75,000.

## II. LEGAL STANDARD

The Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction. *See, e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory

---

[1] The entry, marked with an asterisk, is: John & Laurina Leato v. AIG. (Doc. 2 at 7).

law. *See, e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Continental Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

## III. DISCUSSION

Here, Plaintiffs contend that this Court has jurisdiction due to diversity of citizenship. Diversity jurisdiction exists if the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity among all parties is required. Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). A limited liability company's citizenship is the citizenship of each of its members. *Id.*

The Defendants include VL Apartments, LLC, a limited liability company established under the laws of Indiana. Plaintiffs have not alleged the citizenship of each of the LLC's members. With respect to West Bend Mutual Insurance Company, Plaintiffs have listed only the Wisconsin address of Mr. Jacob J. Schmidt, who they indicate is an attorney representing West Bend. Thus, Plaintiffs have provided insufficient information to determine if all parties are of diverse citizenship. Nevertheless, allowing Plaintiffs to amend their Complaint to include that information would be futile because they have also

3

failed to plausibly plead the minimum amount in controversy required for diversity jurisdiction.

"[G]enerally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (internal quotation marks and citation omitted). Here, although the Plaintiffs claim damages in the amount of $50,000 (the amount they allegedly claimed in connection with their bankruptcy), plus another $25,000 in attorney's fees, the total amount of damages claimed does not exceed $75,000, as required by statute. Moreover, even if the Court were to assume that an award of $50,000 were appropriate in a slip-and-fall case like this one—in which only minor injury has been alleged and medical expenses total less than $1,000—Plaintiffs cannot recover an additional amount in attorney's fees, as they are representing themselves *pro se*.

Regardless of whether Indiana, Wisconsin, or Arkansas law would apply in this case, none of those states allow *pro se* litigants to recover attorney's fees.[2] *See Marion Cnty. Election Bd. v. Bowes*, 53 N.E.3d 1203, 1207 (Ind. Ct. App. 2016) (Indiana follows the "American Rule," under which each party is ordinarily responsible for his own attorney's fees; and even when there is a statutory basis for an award, no attorney's fees are earned unless independent counsel is engaged); *State ex rel. Young v. Shaw*, 477

---

[2] In diversity actions, the Court applies the choice-of-law rules of its forum state. *See, e.g., DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 895 (8th Cir. 2006). The Court need not delve into this issue, as Plaintiffs are not entitled to an award of attorney's fees under the laws of any of the states having a connection with this case.

N.W.2d 340, 348 (Wis. Ct. App. 1991) (*pro se* litigant not entitled to award of fees since "[t]he provision for attorney's fees implies the existence of an attorney-client relationship"); *Elliott v. Hurst*, 817 S.W.2D 877, 881-82 (Ark. 1991) (attorney's fees not allowed in Arkansas unless expressly authorized by statute); *Swinson v. Jarratt*, 578 S.W.2d 197, 200 (Ark. 1979) ("We adopt the view in regard to attorney's fees for parties who represent themselves that they are improper."). Accordingly, the Court finds to a degree of legal certainty that the Complaint fails to meet the required jurisdictional amount.

## IV. CONCLUSION

For the reasons stated, this Court lacks subject matter jurisdiction over this case. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

The IFP motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 25th day of February, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE